Mary McCaffery et al., Appellants, v. John McAndrews et al., Impleaded with United Breweries Company, Appellees.

## Gen. No. 16,547.

1. DISMISSAL AND NONSUIT—*when dismissal for want of prosecution is proper.* If, on a plaintiff filing a challenge to an array of jurors, a demurrer to the challenge is properly sustained and plaintiff elects to stand by the challenge and declines to proceed with the trial, the suit may be dismissed on motion of defendant for want of prosecution.

2. JURY—*when municipal court judges may not participate in selecting jury commissioners.* On a challenge to an array of jurors in the circuit court of Cook county, it is no objection that the judges of the Municipal Court of Chicago did not participate in the selection of the jury commissioners drawing the panel.

3. MUNICIPAL COURTS—*status.* The Municipal Court of Chicago is a court "in" Cook County but not "of" Cook County and the judges thereof are not entitled to participate in the selection of jury commissioners of Cook county.

4. JURY—*when acts of de facto commissioners valid.* If judges of the Municipal Court of Chicago are entitled to participate in the selection of jury commissioners of Cook county, but do not par-

ticipate, the acts of such *de facto* commissioners in drawing a panel are not thereby invalidated.

Appeal from the Circuit Court of Cook county; the HON. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 17, 1912.

CARL A. Ross, for appellants.

ROGERS & MAHONEY, for appellees; J. KENTNER ELLIOTT, of counsel.

PER CURIAM. The plaintiffs, who are appellants here, brought suit under the Dramshop Act of Illinois, to recover damages against John McAndrews, Ellen McAndrews and The United Breweries Company resulting from the sale of liquor to one James McCaffery. John and Ellen McAndrews were served with process. The United Breweries Company was not. The suit was dismissed for want of prosecution under the following circumstances:

The cause was regularly reached for trial upon the trial calendar of Judge Baldwin in the Circuit Court. A jury was called into the box but not sworn. The plaintiffs filed a challenge to the array of jurors. The defendants, by leave of Court, demurrer *ore tenus* to the challenge to the array. The court sustained the demurrer. The defendants asked an immediate trial. The plaintiffs elected to stand by their challenge to the array and declined to proceed with the trial. The defendants then asked that the suit be dismissed at plaintiffs' costs for want of prosecution, to which the plaintiffs objected. The court dismissed the suit for want of prosecution and gave judgment for costs against the plaintiffs. The plaintiffs have appealed to this court from this judgment. We affirm the judgment. There is nothing in any of the causes of challenge set forth in the challenge to the array which meets the tests laid down by the Supreme Court of our

State and cited by the appellants themselves in their argument, that an "irregularity in the drawing of jurors does not invalidate the panel unless fraud has been practiced or some great wrong done," and that "an act required by the statute to be done is not deemed indispensable if it is but in the nature of a direction as to the course of the proceedings adopted by the legislature to be pursued in order to accomplish the ultimate object of the enactment, and the omission of such an act, or the defective execution thereof, will not work reversal of the verdict of the jury, unless it should appear the cause of the defeated suitor or defendant in a criminal case had been prejudiced by the failure to observe the statute in its strictness." Healy v. People, 177 Ill. 306.

But we must not be understood as implying any belief that there were any irregularities in the selection of the jurymen in this case, or that the "causes" for challenge stated any. The methods pursued by the jury commissioners complained of in the "challenge" were, after its date, investigated and approved by a committee of judges appointed by the judges of the Circuit, Superior, County and Probate Judges of Cook County, and the report was accepted and approved in a joint meeting of all the judges of those courts.

Waiving the question whether a "demurrer to a challenge to the array" does away with the necessity of any proof of the irregularity charged, it is wholly needless for us to enter now into a further discussion of matters thus long since disposed of.

As to the objection that the judges of the Municipal Court of the City of Chicago did not participate in the selection of the jury commissioners drawing the panel, it may be noted that the jury commissioners are by the law to be chosen by the judges of the several courts of record "of Cook County," not "by the judges of the several courts of record *in* Cook County." The Municipal Court is a City Court *in* but not *of* Cook County.

394    APPELLATE COURTS OF ILLINOIS.

Irrespective of this, the acts of *de facto* officers acting under the law would not be invalidated by the omission stated, even if such participation were allowed by the statute.

The judgment of the circuit court is affirmed.

*Affirmed.*